J-S09035-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONNEL COLE | : | |
| | : | |
| Appellant | : | No. 2938 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 28, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000889-2017

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                          Filed: April 30, 2021

Donnel Cole ("Cole") appeals from the judgment of sentence imposed following his convictions of corruption of minors, unlawful contact with a minor, and indecent assault – threat of forcible compulsion.[1]  We affirm.

In its Opinion, the trial court set forth the relevant factual history underlying this appeal as follows:

> On October 22, 2016, the Complainant [] returned home to her mother's house in southwest Philadelphia around 10 a.m.[,] after spending the night at her boyfriend's house.  The Complainant was 16 years old….  The Complainant was in a rush that morning because she was late for work….  While the Complainant was getting ready for work, [Cole] arrived at the house with his 4[-]year[-]old daughter….  The Complainant's mother [] and [Cole] were in a relationship at the time.  …  When the Complainant stated to her mother that she was in a rush to get to the trolley, [Cole] offered a ride, saying he was going that way.

---

[1] *See* 18 Pa.C.S.A. §§ 6301(a)(1)(i), 6318(a)(1), 3126(a)(3).

The Complainant got in the car with [Cole], and he began driving. However, [Cole] stopped the car a short distance down the block. [Cole] then told the Complainant that he had gotten into a fight with her mother, that he didn't want to be with her, that he didn't find her attractive[,] and that he could never be with someone so heavy. [Cole] further stated that he found the Complainant attractive and wanted to be with her. [Cole] continued to drive while talking about [Complainant's] mother. The Complainant responded that she was having trouble with her boyfriend, who had gotten on her nerves the night before. [Cole] subsequently asked "what type of stuff" the Complainant did with her boyfriend. His inquiry made her uncomfortable. [Cole] told the Complainant that she deserved better because her boyfriend was ugly but she was "beautiful." As he continued to drive, [Cole] removed items (name tag, hat, etc.) from the Complainant's lap and put them in the backseat.

After removing the items, [Cole] began to touch and rub the Complainant's leg. When [Cole] noticed that there was a hole in the crotch area of the Complainant's pants, he said "even better," and began touching her vagina over the tights she was wearing underneath her pants. Afraid, the Complainant told [Cole] "no!" The Complainant further told [Cole] that he shouldn't be touching her because she was sixteen, and he was in a relationship with her mother. However, [Cole] continued to touch her with his right hand and offered her $3,000 []. He then put his hand down the Complainant's pants and touched the skin at the top of her pubic area. Although she tried to remove his hand, [Cole] put his hand back on the area. The Complainant next texted her boyfriend about what was transpiring because she feared for her safety.

[Cole] briefly stopped at the Prism Institute to sign in for a class before returning to the car minutes later to continue driving. He asked the Complainant if they could hang out a bit longer and have sex, but she said that her manager had called[,] informing her that she needed to be at work. However, [Cole] continued to ask [Complainant] for sex. After [Cole] dropped the Complainant off at her job, she walked inside and cried. When her manager asked [Complainant] what was wrong, she explained what had happened. The manager then called the police.

Trial Court Opinion, 8/31/20, at 3-5.

Following an investigation, Cole was charged with endangering welfare of children, corruption of minors, and indecent assault – threat of forcible compulsion.[2]  The Commonwealth later amended the charges to include counts for unlawful contact with a minor and indecent assault – without the complainant's consent.[3]

A jury trial was held from February 5, 2019, to February 12, 2019.  On February 11, 2019, during deliberations, the jury asked the court several questions.  Relevantly, in question #2 the jury inquired, "Is consent relevant to the definition of indecent assault as it relates to the unlawful contact with a minor offense?" N.T., 2/11/19, at 11.  The trial court heard arguments from both parties.  *Id.* at 11-16.  Cole argued that consent was relevant to the charge for indecent assault, as it related to the charge for unlawful contact with a minor.  *Id.*  The trial court disagreed, and answered the jury's question by responding, "The answer is no." *Id.* at 21.

On February 12, 2019, the jury found Cole guilty of corruption of minors, unlawful contact with a minor, and indecent assault – threat of forcible compulsion, and not guilty of indecent assault – without the complainant's consent.  The Commonwealth *nolle prossed* the charge for endangering welfare of children.  The trial court deferred sentencing and ordered

---

[2] *See* 18 Pa.C.S.A. §§ 4304, 6301(A)(1)(i), 3126(a)(3).

[3] *See* 18 Pa.C.S.A. §§ 6318(a)(1), 3126(a)(1).

preparation of a pre-sentence investigation report. On May 28, 2019, the trial court sentenced Cole to an aggregate term of 11½ to 23 months in prison, followed by 5 years of probation. On June 7, 2019, Cole filed a post-sentence Motion, challenging, in relevant part, the trial court's answer to jury question #2. The Motion was denied by operation of law on October 7, 2019.[4] Cole filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Cole raises the following question for our review:

> Where the jury in a trial charging indecent assault and unlawful contact with a minor asked the question, "Is consent relevant to the definition of indecent assault as it relates to the unlawful contact with a minor offense?", was it not error and an abuse of discretion to answer the jury's question, "No", over defense objection and a request for further instruction on the applicability of consent, where the court's answer had a tendency to mislead of confuse the jury on a material issue?

Brief for Appellant at 3.

Cole argues that the trial court erroneously responded to jury question #2. *See* Brief for Appellant at 9-20. Cole claims that the trial court should have instructed the jury that consent was relevant to the indecent assault

---

[4] *See* Pa.R.Crim.P. 720 (stating, in relevant part, that "the [trial court] judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days … the motion shall be deemed denied by operation of law."). The 120th day after June 7, 2019, was Saturday October 5, 2019. *See* 1 Pa.C.S.A. § 1908 (stating that whenever the last day of the appeal period falls on a weekend or on any legal holiday, such day shall be omitted from the computation of time).

charges as they related to the unlawful contact with a minor charge. *Id.* at 9-10. According to Cole, in order for the jury to have found him guilty of unlawful contact with a minor, the jury must first have found him guilty of indecent assault. Cole asserts that if Complainant consented to the contact that formed the basis for the indecent assault charges, he could not have been convicted of indecent assault, and, accordingly, could not have been convicted of unlawful contact with a minor. *Id.*

The Crimes Code defines unlawful contact with a minor, in relevant part, as follows:

> A person commits an offense if he is intentionally in contact with a minor … for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth: Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

18 Pa.C.S.A. § 6318(a)(1). "[Section] 6318 does not require that a defendant be convicted of the substantive offense for which he contacted the minor, let alone be charged with it." *Commonwealth v. Reed*, 9 A.3d 1138, 1146 (Pa. 2010).

Here, Cole was charged with unlawful contact with a minor in relation to the substantive offense of indecent assault. Although the jury found Cole guilty of indecent assault – forcible compulsion, this conviction was not a prerequisite to the jury finding Cole guilty of unlawful contact with a minor. *See Reed*, *supra*. Thus, whether Complainant had consented to Cole touching her, which formed the basis for the indecent assault charge, was

- 5 -

irrelevant to the unlawful contact with a minor charge. Accordingly, we conclude that the trial court did not err in the way it responded to jury question #2, and we deny Cole relief.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date:* 4/30/21